# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | **C.A. No.: 10-11559 NG** |
| v. | ) ) | |
| PASQUAZZI BROS., INC.,  and HEATHER CONSTRUCTION CORP., | ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT
### Count I
(As Against Pasquazzi Bros., Inc.)

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2.      This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e)(2).

3.      Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  The Pension Fund is a "multiemployer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

4.      Defendant Pasquazzi Bros., Inc. ("Pasquazzi") is an employer with a place of business in 464 Dyer Avenue, Cranston, Rhode Island.

5.      Defendant Pasquazzi is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6.      Defendant Heather Construction Corp. ("Heather") is an employer with a place of business in 464 Dyer Avenue, Cranston, Rhode Island.

7.      Defendant Heather is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

8.      Teamsters Local Union No. 251 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

9.      At all material times, Defendant Pasquazzi has been obligated by the terms of one or more collective bargaining agreements between Defendant Pasquazzi and Teamsters Local Union No. 251 and by the terms of an Agreement and Declaration of Trust to which Defendant Pasquazzi is bound to make contributions on behalf of certain employees to the Pension Fund and to pay late charges for contributions not timely paid pursuant to the terms of the agreements.

10.     Defendant Pasquazzi has failed to make required contributions to the Pension Fund pursuant to a payroll audit in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

1.      Awarding the Pension Fund the following amounts:

      a.      the unpaid contributions;

      b.      interest on those contributions;

      c.      liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

      d.      all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2.      Ordering such other and further relief as this court may deem just and proper.

## Count II
### (As Against Heather Construction Corp.)

11.      Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 10 of this complaint.

12.      Defendant Heather operates from the same address as Defendant Pasquazzi.

13.      Defendant Heather's officers are identical to Defendant Pasquazzi.

14.      Upon information and belief, Defendants Pasquazzi and Heather are owned by the same shareholders.

15.      Upon information and belief, Defendant Heather Construction Corp. is an alter ego of Defendant Pasquazzi Bros., Inc.

15.      Defendant Heather Construction Corp., as an alter ego, is liable for the unpaid Pension contributions pursuant to a payroll audit.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Heather Construction Corp. in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

1.      Awarding the Pension Fund the following amounts:

      a.      the unpaid contributions;

      b.      interest on those contributions;

      c.      liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

     d.     all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2.     Ordering such other and further relief as this court may deem just and proper.

Dated:  September 28, 2010

Respectfully submitted,

Catherine M. Campbell
BBO #549397
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976


/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.
Attorney for Plaintiff,
Charles Langone, Fund Manager


## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated: September 28, 2010

/s/ Catherine M. Campbell
Catherine M. Campbell, Esq.